## GIBSON'S ADM'R, VS. ARMSTRONG.

INJUNCTION:  *Judgment at law.*

It is a general principle that a judgment at law will not be enjoined, when there is no evidence of a good defense to the merits, or that it is contrary to equity and good conscience. The judgment sought to be enjoined was based upon the finding of arbitrators, and was entered by consent, under mistake, unmixed with fraud, however, as to the extent of the inquiry made by the arbitrators.

APPEAL from *Conway* Circuit Court in Chancery.

Hon. J. M. SMITH, Circuit Judge.

*Fletcher,* for appellant.

*Wassell & Moore, contra.*

HARRISON, J.:

This was a suit in equity commenced on the 12th day of November, 1871, by Wilson B. Gibson against Carroll Armstrong, to enjoin proceedings upon a judgment at law. Gibson was afterwards adjudged a bankrupt, and Robert A. Irwing, his assignee, was substituted as plaintiff.

The complaint alleged: That defendant, on the 26th of November, 1872, brought an action at law in that court against Charles A. Carroll for rent of a plantation for the year 1871, and sued out a writ of attachment against the crop, which was levied on the corn and cotton grown upon the plantation, on the 26th day of December, 1871. That the corn and cotton was the property of John H. Carroll, to whom Charles A. Carroll had sub-let the plantation.

That to enable John H. Carroll to cultivate the plantation and make a crop, the plaintiff had furnished him supplies, to secure payment for which, John H. Carroll gave him a bill of sale of the corn and cotton, and, on the 2d day of March, 1872, the plaintiff claimed the same of the sheriff, and made affidavit of his ownership, and gave bond to interplead, and it was delivered to him.

That, at the April Term, 1872, of the court, an agreement in writing was entered into by the plaintiff, Armstrong, and Charles A. Carroll, that the case should be continued until the next term, and that all the matters in controversy should be submitted to the arbitration of Abner D. Thomas and D. W. Mason, who should meet at Lewisburg on the 6th day of May, 1872, and hear the statements of the parties, examine witnesses, books, papers and accounts, and, upon the whole case, ascertain and decide how much was due Armstrong for rent, and how and when the same should be paid; the amount in the plaintiff's hands from the sale of the property, the expense incurred by him on account of the property, and the amount of his account against John H. Carroll up to the commencement of the suit, and the sum remaining in his hands, after deducting therefrom his said account, expenses and $100 attorney's fee, which he was to be allowed to retain; he was immediately after the arbitration to pay over to Armstrong.

That the said arbitrators accepted the appointment, and in pursuance of the submission, met and proceeded in the arbitration, but only to ascertain the sum due for rent, and made their award, yet, although they made no inquiry whatever as to the plaintiff's account, they found and directed by their award, that Charles A. Carroll and the plaintiff should pay Armstrong $2000.

That, being led to believe from the remarks of both Armstrong and his attorney, that only the matter of rent could be considered by the arbitrators, the plaintiff did not attend the arbitration, and he was not aware that any sum was found due from, or awarded to be paid by him, until after the award was filed in court.

That the award was a fraud upon him, the proceeds of the corn and cotton being only $2066.97, whilst his accounts, which according to the terms of the submission, should have been allowed against them by the arbitrators, amounted to $2406.90.

That the plaintiff was absent from the State at October Term, 1872, when the arbitrators filed their award; and that plaintiff's attorney was about filing exceptions thereto, but Armstrong and his attorney, falsely and fraudulently represented to him that the value of the corn and cotton which came into his hands, was as much as $4500, and the $2000 awarded Armstrong was the balance due from him, who, being deceived and imposed upon by such misrepresentations, consented that judgment should be rendered against the plaintiff for the value of the property as ascertained by the sheriff when it was turned over to him and interest thereon from the time the rent became due, or for the sum of $1905.35, and judgment was so accordingly rendered.

Upon application to the judge in vacation a temporary injunction was granted.

The action at law, and the attachment of the property, the claim thereof by the plaintiff in this suit, the delivery of the

same to him by the sheriff, the agreement to submit the matters in controversy to arbitration, the arbitration and the award, and the judgment upon the award were admitted in the answer. The defendant denied any knowledge of the alleged indebtedness of John H. Carroll to the plaintiff, and of the bill of sale from him for the corn and cotton attached; and claimed that if there were such, his lien as landlord was paramount and superior to any claim the plaintiff might have on account thereof. He denied that either he or his attorney made any remarks calculated to create upon the mind of the plaintiff the impression that the arbitrators would consider only the matter of rent, or that either he or his attorney made any false or fraudulent representations to the plaintiff's attorney, by which he was influenced to consent to the judgment, or that there was any fraud either in the award or judgment, or any wrong or injustice done the plaintiff thereby. But on the contrary averred that the plaintiff, who proposed and urged the submission of the controversy to arbitration, to influence the defendant to agree to it, told him that his claim against John H. Carroll would not amount to over $600 or $800, and that after deducting the same, and his charges in relation to the property and his attorney's fee, he would have from the proceeds of the property $1400 or $1500 which he would immediately, after the arbitration pay over to the defendant, and that he was induced by the belief, caused by the plaintiff's statement, that he would, in a short while, receive that sum from him, to consent to the arbitration.

The court, upon the hearing, rendered a decree perpetuating the injunction as to the sum of $405.35, and dissolving it as to the remainder of the judgment, and as to which it dismissed the complaint.

The plaintiff appealed.

It was not denied, and it was also proven, that the arbitrators made no inquiry as to the amount of proceeds of the sale of the corn and cotton in the plaintiff's hands nor as to his account against John H. Carroll, or his expenses, as required by the terms of the submission; but it was in proof that he admitted, when the agreement for the arbitration was made, and to induce the defendant to enter into it, having in his hands from the sale of the property, after paying all he claimed, and which he said did not exceed $600 or $800, $1400, or $1500 to be paid over to the defendant. His account against John H. Carroll, if a charge upon the crop, and the evidence shows that the bill of sale was given two months after the attachment was levied, could not avail against the defendant's lien for rent.

It does appear that the plaintiff's attorney consented to the judgment under the misapprehension that the arbitrators had considered all the matters submitted to them, and that the plaintiff's claim had been allowed; but it also as clearly appears that such misapprehension was not occasioned by any misrepresentation or fraud of either the defendant or his attorney, and there is no evidence whatever of any fraud in obtaining the judgment.

It is a general principle that a judgment at law will not be enjoined, when there is no evidence of a good defense to the merits, or that it is contrary to equity and good conscience. High on Injunc., sec. 86; 2 Sto. Eq. Jur., sec. 887.

There was no evidence that the value of the property which came to the plaintiff's hands was $4500, and there is no room to doubt that it was, after allowing necessary and proper expenses, not less than the judgment, as modified by the decree.

The decree of the court below is affirmed.